# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MOHAMED BAH** | : | **DOCKET NO. 2:05-cv-1611**<br>**Section P** |
| **VS.** | : | **JUDGE MINALDI** |
| **U.S. DEPARTMENT OF HOMELAND SECURITY, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Mohamed Bah, pursuant to 28 U.S.C. §2241. By this petition, Petitioner challenges his continued detention pursuant to INA § 241.

This petition for writ of *habeas corpus* was filed by petitioner to challenge his continued detention post-removal-order custody. In light of the facts presented by petitioner, the court ordered the government to respond to the petition. Following the filing of the answer, the court determined that an evidentiary hearing was necessary for the adjudication of this *habeas corpus* petition. The evidentiary hearing was set for the purpose of hearing evidence on whether there is a significant likelihood of removing petitioner in the reasonably foreseeable future.

Prior to the hearing date of April 6, 2006, counsel for the petitioner informed the court that petitioner had posted an immigration bond or would be posting an immigration bond in the near future. In light of this development, counsel for the petitioner requested that the hearing in this matter be continued. The respondent did not oppose a continuance. Accordingly, the undersigned upset the hearing and ordered both parties to present summary judgment evidence on the issue of whether petitioner has been released from post-removal-order custody within 15 days of the date of the minute entry.

The respondent has filed summary judgment evidence which establishes that the petitioner was released to an Order of Supervision on April 5, 2006 upon the posting of a $5000 bond. *See* Government

Exhibit A. Petitioner has filed no contradictory evidence.

Therefore, the evidence before the court establishes that petitioner was released from post-removal-order detention to an Order of Supervision. At the time that this petition was filed, petitioner was in detention pursuant to the statutory authority of § 241 of the INA, and he sought to have the court review his post removal order detention. However, because the petitioner is no longer in custody, his challenge to his post-removal-order detention is now moot and should be dismissed.

For this reason,

IT IS RECOMMENDED that this petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 26th day of May, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE